IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHERRELL C. TOWNS,** | |
| **Petitioner,** | |
| v. | Case No. 25-CV-00042-SPM |
| **JEFFREY WEHKING,** Warden, Centralia Correctional Center, | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Sherrell C. Towns is an inmate presently housed at Centralia Correctional Center in Illinois. Before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (*See* Doc. 1). This Petition is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### FACTUAL AND PROCEDURAL BACKGROUND

After a trial in the Circuit Court for Madison County, Illinois, a jury found Towns guilty of five counts of first-degree murder. *See State of Illinois v. Towns*, 1993CF001801 (Ill. Cir. Ct. 1995). The same jury found him eligible for the death penalty because of the fact that he killed more than two people, an aggravating factor. *See id.*; *People v. Towns*, 675 N.E.2d 614, 616 (Ill. 1996). He was sentenced to death by the trial court, a sentence which was affirmed by the Supreme Court of Illinois. *See People v. Towns*, 675 N.E.2d at 616. His sentence was later commuted to life in

prison without the possibility of parole. (*See* Doc. 1).

While incarcerated at Danville Correctional Center in Vermilion County, Illinois, Towns filed the instant Petition in United States District Court for the Central District of Illinois on December 19, 2024. (*See id.*). Respondent Felicia Akins, the Warden at Danville, filed a Motion to Dismiss for Lack of Jurisdiction on December 31, 2024. (*See* Doc. 6). She argued that, because Towns had been transferred to Centralia Correctional Center, that Towns's Petition should be dismissed for lack of subject-matter jurisdiction. (*See id.*, p. 2). District Judge Colin Stirling Bruce ordered the Petition to be transferred to this Court on January 10, 2025. (*See* Docs. 13, 14).

## ANALYSIS

The Supreme Court has established that habeas petitions are only appropriate where "success in [the] action would necessarily demonstrate the invalidity of confinement or duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Additionally, "the Supreme Court has long held that a civil rights action brought pursuant to 42 U.S.C. § 1983 is the proper vehicle for challenging a condition of confinement, such as the BOP's security rating of an inmate or the inmate's facility designation." *Pinkney v. U.S. Dep't of Just.*, No. 07-CV-106, 2009 WL 277551 (N.D.W. Va. Feb. 5, 2009).

Furthermore, "a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief." 28 U.S.C. § 2254(b)(1); *see also Parker v. Duncan*, No. 3:15-cv-00326-DRH, 2015 WL 1757092 (S.D. Ill. April 15, 2016) (citing *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997)). Moreover, a state petitioner

can challenge his confinement under § 2254 *only* after having exhausted both administrative remedies and state judicial remedies, including one complete round of state appellate review. *VanSkike v. Sullivan*, No. 18-cv-2138-NJR, 2019 WL 6327195, at * 2 (S.D. Ill. Nov. 26, 2019). The exhaustion doctrine is "designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The failure to exhaust is a procedural bar that may be excused only if a habeas petitioner can "show cause and prejudice for failing to fairly present his or her claim to the state courts or that a fundamental miscarriage of justice will occur." *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001). Under this test, "cause" must be something "external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *see also id.* ("For example, 'a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that "some interference by officials" . . . made compliance impracticable, would constitute cause under this standard.'" (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986))). The Seventh Circuit has held that "a state-law remedy can become ineffective or unavailable by virtue of delay if the delay is both inordinate and attributable to the state." *Evans v. Wills*, 66 F.4th 681, 682 (7th Cir. 2023) (citing *Carter v. Buesgen*, 10 F.4th 715, 723–24 (7th Cir. 2021); *Lane v. Richards*, 957 F.2d 363, 364–66 (7th Cir. 1992)).

In his Petition, Towns raises nine grounds, all of which argue that various aspects of his trial in Madison County were constitutionally defective. (*See* Doc. 1).

He alleges that he has requested post-conviction relief which has been pending for twenty-eight years. (*See id.*). Notably, in *Evans v. Wills*, 66 F.4th 681 (7th Cir. 2023), the Petitioner exhausted state-court remedies in 2002 after he was convicted in 1999. *See Evans*, No. 19-cv-01290-DWD (Doc. 137). The subject of Evans's § 2254 Petition was failure of the Illinois state trial court to address two motions for post-conviction relief that were filed in 2003. *See id.* After Evans appealed the dismissal of his § 2254 Petition for failure to exhaust state court remedies, the Seventh Circuit reversed and remanded the case. *See id.* (Doc. 70); *Evans v. Wills*, 66 F.4th 681 (7th Cir. 2023) (7th Cir. 2023). In their Opinion, the Seventh Circuit wrote that "[a] delay of twenty years and counting is inordinate. Indeed, just two years ago we described Marvin Carter's four-year wait, only a fraction of what Evans has faced, as 'extreme and tragic.'" *Evans*, 66 F.4th at 685 (citing *Carter v. Buesgen*, 10 F.4th 715, 716 (7th Cir. 2021)). "We have reached the same conclusion for even shorter delays of three-and-a-half years, *see Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981), or even just seventeen months, *see Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970) (per curiam)." *Id.* The Seventh Circuit held that "[t]he only question, then, is whether the delay Evans has experienced is meaningfully attributable to the state. It was—in both a narrow and a broad sense." *Id.*

As discussed *supra*, Towns states that he appealed his conviction to the Illinois Supreme Court, indicating that he has exhausted the state remedies available to him. *People v. Towns*, 675 N.E.2d 614, 616 (Ill. 1996). Additionally, he has not filed a § 2254 Petition previously in this District. Because of the lack of docket information available from the Illinois Appellate Courts, it is unclear whether he has exhausted

the state court remedies available to him in relation to the alleged twenty-eight-year delay in his requests for post-conviction relief. In light of the Seventh Circuit's decision in *Evans v. Wills*, 66 F.4th 681 (7th Cir. 2023), however, this Court holds that the possibility that Towns has waited almost *three decades* for post-conviction relief is sufficient to require the State of Illinois to respond to his Petition to provide additional details. Therefore, without commenting on the merits of his claims, the Court concludes that Towns's Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Towns is not entitled to habeas relief.

## DISPOSITION

**IT IS HEREBY ORDERED** that Respondent Jeffrey Wehking shall answer or otherwise plead on or before March 12, 2025. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

Towns is **ADVISED** of his continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than fourteen (14) days after a transfer or other change in address occurs in accordance with Local Rule 3.1(b)(2). Failure to provide such notice may result in dismissal of this case or other sanctions. *See id.*; FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   February 10, 2025**

**s/ *Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**U.S. District Judge**
