IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHERRELL C. TOWNS,** | |
| **Petitioner,** | |
| v. | Case No. 25-CV-00042-SPM |
| **JEFFREY WEHKING,** | |
| **Respondent.** | |

# MEMORANDUM AND ORDER APPOINTING COUNSEL

**McGLYNN, District Judge:**

Before the Court is Petitioner Towns' Motion for Default Judgment (Doc. 57) and Motion to Strike the Record in Madison County After May 21, 2025, Hearing (Doc. 58). In his Motion for Default Judgment, Towns asserts that the failure of Respondent's previous counsel to withdraw from the matter, as well as the current counsel's failure to enter an appearance, places Respondent Wehking in default. (*See* Doc. 57). Upon a review of the record, this Court does not find any unauthorized filings by Respondent nor any errors in the record with respect to counsel for Respondent having entered their appearances. Moreover, this Court does not find that Respondent has failed to timely respond to the Petition for Writ of Habeas Corpus. Accordingly, the Motion for Default Judgment is **DENIED**. In his Motion to Strike, Petitioner Towns asks this Court to strike entries made on the record after this Court's Order entered on September 4, 2025, in his current proceedings before the Circuit Court for Madison County, Illinois. (*See* Doc. 58). Towns states that further developments in his postconviction matter in Madison County case only serve

as a detriment to him in the matter pending before this Court. The Court finds that it is without jurisdiction to alter the docket in the proceedings before the Madison County Circuit Court and grant Petitioner the relief he seeks. *See generally FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) (stating that the abstention doctrine announced by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971) "is designed to permit state courts to try state cases free from interference by federal courts"). Accordingly, the Motion to Strike is **DENIED**.

In addition, this Court has *sua sponte* conducted a review of the docket and carefully considered the importance of the issues presented and the unique procedural posture of this case. The Court finds that, pursuant to 18 U.S.C. §3006A(a)(2)(B), the interests of justice require appointment of counsel for the Petitioner Sherrell C. Towns. It is the finding of the Court that the Petitioner is financially unable to obtain counsel, is in need of counsel, and is entitled to the appointment of counsel. Accordingly, pursuant to Rule 8 of the Rules Governing Section 2254 Proceedings in the District Court, and the provisions of the Criminal Justice Act, 18 U.S.C. §3006A, the Court appoints CJA Panel Attorney, Tory D. Bernsen, of Dowd Bernsen, LLC, PO Box 220126, St. Louis, MO 63122 to represent Petitioner Sherrell C. Towns.

In light of the foregoing, the Court hereby **STAYS** Respondent Jeffrey Wehking's deadline to file an Answer to Petitioner Towns' Petition for Writ of Habeas Corpus. The Court will set a status conference for this matter by separate order to determine whether Petitioner Towns intends to file an amended Petition for Writ of

Habeas Corpus or otherwise set a briefing schedule to move this matter forward as expeditiously as possible.

**IT IS SO ORDERED.**

**DATED: December 1, 2025**

**s/ *Stephen P. McGlynn*** 
**STEPHEN P. McGLYNN** 
**U.S. District Judge**
